McBRIDE, Judge.
David J. Pailet, administrator of the Succession of his sister, Mrs. Fannie Pailet Fertel, brought this suit for the return of $950, which had been paid on account of the price of a tombstone to be erected on the grave of her husband and which tombstone had not been erected.
The defendants are Acme Realty Company, Inc., a Louisiana corporation, Acme Marble & Granite Company, a partnership, and the individual members of the partnership, Albert L. Stewart, Frank B. Stewart and Charles B. Stewart.
. Plaintiff alleges that his- sister, Mrs. Fertel, entered into a written contract under the terms of which the defendants were, to furnish and erect on or before September 16, 1951, a coping and monument at the-grave of her husband for the sum of $1,900; that she paid one-half of the price;' that the defendants later notified her that they would be unable to furnish the monument within the time specified in the contract; that she then proceeded to have another concern fulfill her wishes by erecting a tombstone acceptable to her. She alleges that she has repeatedly demanded the return of the amount which she paid to defendants and that it has never been returned, and she prays for solidary judgment against all the defendants in the sum of $950, with legal interest from judicial demand and for costs.
In a supplemental petition pla-intiff alleges that his sister, Mrs. Fertel, was informed by the defendants that they were unable to furnish the tombstone of the particular material desired by her and contracted for and that they urged her to select other material so that the contract -could be completed within the time specified but that she was unwilling to accept the other material, and plaintiff again prayed for judgment as in the original petition.
Defendants answered denying that they had refused to carry out the provisions of the contract. They denied that Acme Realty Company, had, at -any time, participated in the contract, and they especially averred that the contract provided that it was to be made of “Rock of Ages bonded granite”; that that particular material could be produced by one concern only and that that concern was unable to furnish the material in time for the carrying out of the contract within the time specified therein; that under the terms of the contract the defendants were not to be held responsible for delays beyond their control; that they attempted to persuade Mrs. Fertel to select a different material and to extend the time for the completion of the contract, but that she had refused to do either and that nevertheless. Mrs. Fertel had selected a competitor of defendant and had had that competitor furnish and construct a monument out of material other than that specified in the contract with defendants.
Assuming the position of plaintiffs in reconvention, the Acme Marble & Granite Company alleged that in its efforts to obtain the material and to comply with the contract, it had incurred overhead and other expenses-; that it was entitled to a reasonable profit on the contract, and that Mrs. Fertel had prevented it from carrying out the provisions of the contract by failing to approve the plans or sketches which they desired to submit, and they prayed for judgment in reconvention in the sum of $950.
There was judgment in the Civil District Court for the-Parish of Orleans in favor of plaintiff and against Acme Marble & Granite Company and Albert L. Stewart, Frank B. Stewart and Charles B. Stewart, in solido. The suit of plaintiff" as against Acme Realty Company, Inc., was dismissed. From this judgment Acme Marble & Granite Company and the individual members have appealed suspensively.
Since the defendants admitted the execution of the contract and the receipt of one half of the purchase price and since they also admitted that they had not complied with the requirements of the contract *583 it necessarily follows that the burden is on them to explain why the contract was not complied with.
In their efforts to explain why the provisions of the contract were not complied with the defendants did not attempt to prove the truth of the allegations of their answer to the effect -that the only concern from which the particular granite could be obtained had advised that they could not furnish it in time to permit of the erection of the monument within the time limit set forth in the contract, but, on the contrary, undertook to show that the granite could have been obtained in time but that the reason for the delay was the failure of Mrs. Fertel, for several weeks, to permit their representative to submit to her the final sketch for the monument. They attempted to show that during the period of more than four weeks their representative made repeated efforts to have Mrs. Fertel examine and approve a final plan but that on each occasion they were unsuccessful in their efforts to contact her and have her meet with their representative.
On the other hand, plaintiff offered evidence which tended to show that the inability of the defendants to furnish and erect the monument within the specified time did not result from any delay caused by Mrs. Fertel.
Our study of the record convinces us that the sole question at issue was one of fact, that is, whether the delay was caused by Mrs. Fertel or was caused by the inability of defendants to secure the material within the necessary time limit.
We are convinced that the delay was caused by the inability of the defendants to obtain the material. Often in reaching a conclusion on a question of fact the motive which may have prompted the parties to act or to fail to act is of great importance,' and we can see no motive which would have led Mrs. Fertel to delay in the selection of-a suitable monument.
The record shows that the monument which she finally approved was practically identical with the last sketch or sketches which were submitted to Mrs. Fertel, so that obviously she was not displeased with those sketches and furthermore it is obvious that the monument which she finally selected and which was of material of which she did not particularly approve cost considerably more than the monument which would have been furnished under the contract. So that we can see no reason for her intentionally causing any delay.
On the other hand, the record shows rather conclusively that the concern which would' have furnished the material would have required a considerably longer period than that which the contract permitted.
The defense'that a provision-in the contract relieved the defendants of their obligation to furnish the monument within the specified time should a delay result from causes beyond their control is not available under the circumstances shown here. Such a defense is well founded where a delay results from strikes or stress of weather or causes of that,kind, but inability to obtain the material within the time limit under the facts which were shown here is not a cause beyond the control of the-contractor.
Our conclusion is that the contract was not complied with because of the inability of the contractor to obtain the material within the time specified.
Consequently the judgment appealed from is affirmed at the cost of appellants.
Affirmed.